WINANS et al. v. DEMAREST.

(Supreme Court, Appellate Term. November 6, 1903.)

1. REAL ESTATE AGENT—COMMISSIONS—EVIDENCE.
    In an action by a real estate agent for commissions, statements made by defendant's husband to plaintiff's agent, recognizing plaintiff's right to commissions, were incompetent, in the absence of any proof that the husband was defendant's agent.

2. TRIAL—OBJECTIONS TO EVIDENCE.
    Where a certain line of incompetent evidence was objected to continuously throughout the trial, and motions made at intervals to strike it out, which were renewed before the case was submitted to the jury, the fact that no objection was made to a portion thereof which was highly prejudicial did not prevent the objecting party from taking advantage of the error in its admission.

Appeal from City Court of New York.

Action by Henry D. Winans and others against Elizabeth A. Demarest. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

George Newell Hamlin and Thomas McAdam, for appellant.

Abel E. Blackmar, for respondents.

BISCHOFF, J. The issue in the action was whether the plaintiffs were the procuring cause of the contract of sale of the defendant's premises, and the evidence in support of the plaintiffs' case discloses that the purchaser was not the person upon whom the brokers' influence was actually exerted. The inference that the plaintiffs were the procuring cause of the contract is extremely slight, if, indeed, suffi-

¶ 1. See Evidence, vol. 20, Cent. Dig. §§ 953, 954.

cient as the basis of a verdict; and it is more than probable that the finding of the jury was made to rest upon proof of a statement made by the defendant's husband to the plaintiffs' agent, which could be construed as a recognition of the plaintiffs' right to commissions. There was no proof of agency in the defendant's husband for the purposes of the disposal of her real estate, and his admissions were certainly incompetent. Evidence of the husband's statement was continuously objected to throughout the trial, and at intervals motions were made to strike it out, reiterated before the case was submitted to the jury. Much of the evidence to which specific objection was taken may have been of a character. such as to make. the error of its admission harmless, but the rulings clearly denoted the attitude of the court to be that statements of Mr. Demarest were competent; and the defendant was not required to renew the objection when finally, in the course of the plaintiffs' evidence in rebuttal, the highly prejudicial testimony to which we have referred was brought out. The attention of the court was called to the incompetent character of the evidence after this, and the verdict founded upon it should not be permitted to stand.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.